**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**EVERETTE L. PEEPLES, #307865**

**Petitioner,**

**v.** **2:05CV569**

**GENE M. JOHNSON, Director of the Virginia Department of Corrections,**

**Respondent.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

On June 22, 1999, in the Circuit Court of York County, Virginia, petitioner was convicted of grand larceny and felony escape. Petitioner was sentenced to twenty-five years imprisonment, with twenty-two years suspended. However, upon petitioner's motion to rehear, the remainder of the sentence was suspended on January 19, 2000, upon the condition that petitioner enter and complete the "Youth Challenge Program." On April 3, 2000, petitioner was terminated from the program, due to his use of heroin. On April 30, 2002, petitioner's suspended sentence was revoked, and he was sentenced to serve the full twenty-five years of imprisonment.

Petitioner filed an appeal in the Virginia Court of Appeals, alleging that the trial court abused its discretion in imposing the full previously suspended sentence. On December 4, 2002, the appeal was denied by a single judge, and on March 27, 2003, a three judge panel denied the appeal. Petitioner appealed to the Supreme Court of Virginia, alleging the same ground raised in the Court of Appeals, but on September 4, 2003, the court refused the appeal.

Petitioner then filed a motion to vacate sentence in the Circuit Court of York County, but on March 20, 2004, the motion was denied. Petitioner then filed a writ of mandamus in the Supreme Court of Virginia, but the writ was dismissed on July 6, 2004.

While the motion to vacate sentence was pending, petitioner filed a petition for writ of habeas corpus in the Circuit Court of York County, raising the same claims he raises in the petition before the Court. On September 21, 2004, the court dismissed the petition because petitioner's claims had not been presented on direct appeal, although they could have been. The court also dismissed the abuse of discretion claim as noncognizable in a state habeas petition because it was resolved against petitioner on direct appeal.

Petitioner appealed the dismissal of his habeas petition in the Supreme Court of Virginia, but on January 20, 2005, the appeal was dismissed for petitioner's failure to list specific errors in the circuit court upon which he intended to rely. Petitioner filed a motion to amend his petition to include a claim that his sentence was void for lack of jurisdiction because the judge was acting _nunc pro tunc_, but the motion was denied on June 10, 2005. On August 30, 2005, the Supreme Court denied petitioner's appeal.

On September 26, 2005, petitioner filed a petition for writ of habeas corpus in federal court, and on November 17, 2005, respondent filed a motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

**B. Grounds Alleged**

Petitioner alleges the following grounds:

1. Petitioner's sentence violated due process of law in that it violated section 19.2-298.01 of the Virginia Code, because the judge did not write an explanation of departure before exceeding the guidelines;

2. The trial court abused its discretion by sentencing petitioner's too harshly, in violation of the Eighth Amendment;

3. The trial court breached an agreement with petitioner when it suspended his sentence conditioned upon his completion of a drug program which he requested but which turned out to be religious in nature;

4. The trial court violated the First Amendment when it suspended petitioner's sentence conditioned upon the completion of a drug program, which turned out to be religious in nature; and

5. Petitioner's sentence is illegal and violated due process of law because the order suspending the remainder of the twenty-five year sentence imposed on June 22, 1999, to allow petitioner to enter the Youth Challenge program was void for lack of jurisdiction because the judge was acting nunc pro tunc.

On September 28, 2005, petitioner filed a motion to amend his petition, in which he moved to add Claim 5 above. By Order of October 20, 2005, the motion was granted; the amended petition was to be attached to the original petition for service, and respondent was directed to file a response to the petition. However, Claim 5 was not addressed in respondent's pleading. Nevertheless, the Court will address the claim.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B. Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

> established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

**C. Petitioner's Claims are Exhausted and are Subject to Federal Review.**

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or

> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

**D. Procedural Default**

Under Virginia law, a claim included in a petition for habeas corpus will be barred if an objection was not raised at trial and the objection presented on direct appeal. In Coppola v. Warden of Virginia State Penitentiary, 282 S.E.2d 10 (Va. 1981), the Supreme Court of Virginia held that to preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial. Rule 5:25 of the Supreme Court of Virginia states the contemporaneous objection rule:

> Error will not be sustained to any ruling of the trial court or the commission before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling . . . .

Va. S. Ct. R. 5:25.

The Supreme Court has stated that: "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding." Smith v. Murray, 477 U.S. 527, 533 (1986). The Fourth Circuit has held that if a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be barred in the federal system. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).[1] In Whitley v. Bair, 802 F.2d 1487 (4th Cir. 1986), the court held that the failure of an inmate to directly appeal his conviction to the Supreme Court deprives

> the Virginia Supreme Court of the opportunity to rule on the merits of his claims. We consider such failure to constitute a violation of the requirements of Rule 5:21, which applies to appeals of all Virginia cases, civil or criminal, and conclude that such violation constitutes a procedural default sufficient to preclude federal court review of the merits . . . .

Id. at 1502 (citing Va. S.Ct. R. 5:21, repealed and reinstated in substantially similar form as, Va. S.Ct. R. 5:17, 5:25). In Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), the Virginia Supreme Court stated a similar proposition: "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error."

---

[1] The court in Bassette relied on section 8.01-654(B)(2) of the Virginia Code. Bassette, 915 F.2d at 936. Section 654 (B)(2) states: "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654 (B)(2)(Michie 1992).

The Supreme Court of the United States recently addressed the same issue in Coleman v. Thompson, 501 U.S. 722 (1991). The Court held that the doctrine of procedural default will bar a federal habeas petition when a prisoner fails to meet a state procedural requirement. Id. at 750. Speaking for the Court, Justice O'Connor said:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. . . . We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them.

Id. at 750.

Moreover, the federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause resulting in actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). Petitioner has not made a showing of justifiable cause for his failure to appeal the aforementioned issues to the Court of Appeals and the Supreme Court of Virginia. Therefore, the issue of actual prejudice need not be addressed.

1. Claims 1, 3, 4, and 5

Petitioner did not raise Claims 1, 3, 4, and 5, on direct appeal. Although he raised the claims in his state habeas petition, he failed to properly challenge the Circuit Court’s dismissal of the claims in the Supreme Court of Virginia. Furthermore, the claims were procedurally barred in state court pursuant to Slayton, which bars review

by this Court. Therefore, the claims are procedurally defaulted and should be DISMISSED.

2. Claim 2, abuse of discretion by the trial court by sentencing petitioner too harshly, is procedurally defaulted and nonconizable.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citations omitted). In the arena of habeas corpus, federal courts are allowed to "intervene in the state judicial process only to correct wrongs of a constitutional dimension." Wainwright v. Goode, 464 U.S. 78, 83 (1983) (citation omitted). Therefore, if petitioner's claims do not allege a constitutional violation, his claims will fail because they are noncognizable in a federal habeas petition. See Ramdass v. Angelone, ____ U.S. ____, 120 S.Ct. 2113, 2119 (2000); Engle v. Isaac, 456 U.S. 107, 119 (1982); Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999); Fisher v. Angelone, 163 F.3d 835, 854 (4th Cir. 1998); Huffington v. Nuth, 140 F.3d 572, 584 (4th Cir. 1998); Robinson v. Cross, 121 F. Supp.2d 882, 884 (E.D. Va. 2000); Satcher v. Netherland, 944 F. Supp. 1222, 1250 (E.D. Va. 1996); Griffin v. Virginia, 606 F. Supp. 941, 946 (E.D. Va. 1985).

To the extent that Claim 2 alleges a constitutional violation, the claim is procedurally defaulted, for the same reasons that Claims 1, 3, 4, and 5, are defaulted. To the extent that Claim 2 relies on state law, the claim is noncognizable and should be DISMISSED.

**E. The Claims are Without Merit.**

Even if petitioner's claims were not procedurally defaulted, they are without merit. Petitioner claims that his due process rights have been violated because the twenty-five year sentence imposed is in violation of section 19.2-298 of the Virginia Code, for the trial court's failure to write an explanation of departure, (Claim 1). Section 19.2-298.01(F) specifically states that "[t]he failure to follow any or all of the provisions of this section . . . shall not be reviewable on appeal or the basis of any other post-conviction relief." Therefore, the statute itself does not guarantee a defendant a written explanation of departure. The Supreme Court has held that "a State creates a protected liberty interest by placing substantive limitations on official discretion." Olim v. Wakinekona, 461 U.S. 238, 249 (1983). The statute does not place a substantive limitation on the discretion of the trial judge to sentence a defendant or his decision on whether to write an explanation of departure, therefore, no protected liberty interest is created. Petitioner's due process rights were not violated by the court's failure to write an explanation of departure, because the statute itself does not guarantee petitioner that one must be written.

Petitioner claims that his twenty-five year sentence amounts to cruel and unusual punishment in violation of his Eight Amendment rights, (Claim 2). Strict proportionality between crime and sentence is not required, only extreme sentences are forbidden. Harmelin v. Michigan, 501 U.S. 957, 1001 (1991). The Supreme Court has held that "[a] gross disproportionality principle is applicable to sentences for terms of years." Lockyer v. Andrade, 538 U.S. 63, 72 (2003). Petitioner's sentence is not a sentence which would quality as grossly

disproportionate. The sentence is within the statutory sentencing range for the offenses he committed, as set out in sections 18.2-95 and 18.2-10 of the Virginia Code. The Supreme Court has also held that "[r]eviewing courts . . . should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." Solem v. Helm, 463 U.S. 277, 290 (1983). The sentences imposed on petitioner are similar to those imposed upon others for the same offenses. Bunn v. Commonwealth, 466 S.E.2d 744 (Va. 1996); Irvin v. Dretke, No. 3-03-CV-1758-N, 2003 WL 23095699 (N.D. Tex. Dec. 5, 2003). Because petitioner's sentence is within the statutory limits and is not dissimilar to those imposed upon others for the same offenses, his sentence is not one of the "extreme cases" that qualifies as grossly disproportionate. The sentence does not qualify as cruel and unusual punishment.

Petitioner claims the trial court breached an agreement with petitioner when it suspended his sentence for failing to complete a drug program that was religious in nature, (Claim 3). Petitioner claims that his motion to suspend the remaining portion of his sentence was for the purpose of participating in a drug treatment program. However, the motion specifically states petitioner's desire to enter the "Youth Challenge Program," and the court's order suspending petitioner's sentence is specifically conditioned on petitioner's completion of the "Youth Challenge Program." (St. Ct. Rec., Docs. #89, 94.) Neither petitioner's motion nor the court's order mentions a drug treatment program. Petitioner entered the Youth Challenge Program as requested, and as ordered by the court, therefore, there was no breach of agreement.

Petitioner claims that making him participate in a religious program as a condition of his probation violates his First Amendment rights, (Claim 4). In evaluating mandatory religious treatment programs in prison, the Court has applied the standard that a violation has occurred when: "(1) the state has acted, (2) the action amounts to coercion, and (3) the object of the coercion is religious." Nusbaum v. Terrangi, 210 F.Supp.2d 784, 789 (2002). Although petitioner's probation is conditioned upon completion of the allegedly religious program, this claim fails for lack of coercion. In his motion to rehear, petitioner stated his desire to enter the "Youth Challenge Program." Petitioner was not coerced into attending the program; he requested it. Therefore, the terms of his probation do not violate his constitutional rights.

Finally, petitioner claim that his sentence is illegal and in violation of his due process rights because the court acted nunc pro tunc and lacked jurisdiction, (Claim 5). State law provides a remedy for claims of lack of jurisdiction on direct appeal. Therefore, petitioner was not deprived due process, he simply chose not to take advantage of the processes available to him.

**III. RECOMMENDATION**

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); Fed.R.Civ.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/

**James E. Bradberry**
**United States Magistrate Judge**

**Norfolk, Virginia**

**February 6, 2006**

Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

Everette L. Peeples, #307865, pro se
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, VA 24219

John H. McLees, Esquire
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA 23219

Elizabeth H. Paret, Clerk

By ______________________________
Deputy Clerk

____________________________, 2006